IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES C. WENZLER,

                            Plaintiff,                              OPINION and ORDER

      v.
                                                                   23-cv-170-jdp
U.S. COAST GUARD,

                            Defendant.

---

Plaintiff James C. Wenzler, without counsel, alleged in an amended complaint that he was disenrolled him from the United States Coast Guard Auxiliary based on his speech on social media and other conduct. Dkt. 2. Wenzler raised claims under the First Amendment, Due Process Clause, and Administrative Procedures Act (APA). Defendants moved to dismiss, and I granted the motion in part, allowing Wenzler to proceed only on an injunctive-relief claim under the APA against defendant U.S. Coast Guard. Dkt. 27.

Wenzler moved for reconsideration or, in the alternative, for leave to amend his amended complaint. Dkt. 28. I take Wenzler to argue that documents in the record support a First Amendment claim for injunctive relief under 28 U.S.C. § 1331. I had dismissed his First Amendment claim because he hadn't identified or described his social media posts in enough detail to allow me to determine whether they were plausibly protected by the First Amendment. In his current motion, Wenzler identifies the social media posts as those in Dkt. 21-2 at 9, 15, which he submitted with his opposition to defendants' motion to dismiss. For purposes of pleading, those posts are plausibly protected by the First Amendment. I will grant Wenzler's motion to amend his complaint, and I'll deem Dkt. 21-2 to be part of the complaint.

With the complaint now amended to identify the social media posts, I will allow Wenzler to proceed on a First Amendment retaliation claim for injunctive relief under § 1331. I will add the commandant of the U.S. Coast Guard, Linda L. Fagan, as a nominal defendant because Wenzler seeks injunctive relief and it seems likely that she would have the authority to grant Wenzler that relief.

Because I am granting the motion to amend by deeming Dkt. 21-2 to be part of the complaint, I will deny as moot Wenzler's proposed second amended complaint. Dkt. 29. I will deny without prejudice Wenzler's motion for entry of default. Dkt. 30. Wenzler's motion for reconsideration may have tolled the deadline for the Coast Guard's answer, and in any case Wenzler hasn't shown any prejudice from the delay. I will give the Coast Guard and nominal defendant Linda L. Fagan a deadline to answer the amended complaint.

## ORDER

IT IS ORDERED that:

1. Plaintiff James C. Wenzler's motion for reconsideration or, in the alternative, motion to amend, Dkt. 28, is GRANTED. Plaintiff is GRANTED leave to proceed on a First Amendment retaliation claim for injunctive relief under 28 U.S.C. § 1331.

2. Linda L. Fagan is ADDED as a nominal defendant.

3. Plaintiff's proposed second amended complaint, Dkt. 29, is DENIED as moot.

4. Plaintiff's motion for entry of default, Dkt. 30, is DENIED without prejudice.

5. Defendant U.S. Coast Guard and nominal defendant Linda L. Fagan may have until May 23, 2024, to file an answer to plaintiff's amended complaint.

Entered May 2, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge